Filed 11/17/23  P. v. Singh CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JASVIR SINGH,<br><br>  Defendant and Appellant. | F085731<br><br>(Super. Ct. No. F18901689)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Deanna L. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Peña, Acting P. J., Smith, J. and Snauffer, J.

Appointed counsel for defendant Jasvir Singh filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) After independently examining the record, we affirm.

## BACKGROUND

In February 2022, Singh was charged in count 1 of driving under the influence of alcohol (DUI) causing injury while having a blood-alcohol level of 0.08 or more (Veh. Code, § 23153, subd. (b)); in count 2 of DUI causing injury (Veh. Code, § 23153, subd. (a)); and in count 3 of leaving the scene of an accident (Veh. Code, § 20001, subd. (a)). As to counts 1 and 2, it was further alleged that Singh drove with a blood-alcohol concentration of .15 or more (Veh. Code, § 23578); that he suffered a prior DUI conviction within 10 years (Veh. Code, § 23560); and that, in the commission of the current offense, he personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)).

The case was assigned for jury trial on September 29, 2022. The following day, the trial court heard evidence on Singh's motion in limine to exclude his post arrest statements under *Miranda.*[1] The matter was continued to the following week for party argument and a court ruling. On October 5, 2022, prior to a ruling on the *Miranda* motion, Singh agreed to plead no contest to all charges and admit all enhancements for a court indicated "lid" sentence of four years, four months.

Singh's plea was entered under *People v. West*[2] and the parties stipulated to the preliminary hearing as providing the factual basis for the plea.

At sentencing on January 25, 2023, the trial court denied probation and sentenced Singh to four years, four months as follows: on count 1, the lower term of 16 months with

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

[2]     *People v. West* (1970) 3 Cal.3d 595.

a consecutive three years for the great bodily injury enhancement; on count 2, the lower term of 16 months with a consecutive three years for the great bodily injury enhancement, stayed pursuant to Penal Code section 654; and on count 3, the middle term of two years, to run concurrent. Singh was ordered to pay a restitution fine of $600 with the same amount stayed pending successful completion of parole (Pen. Code, §§ 1202.4, subdivision (b), 1202.45). He was also ordered to pay $3,514.73 to the California Victims Compensation Board (Pen. Code, § 1202.4, subd. (f)).

On February 1, 2023, the trial court held a contested restitution hearing wherein the victim was represented by retained counsel. Following a lengthy recitation by the trial court of expenses claimed, Singh was ordered to pay victim restitution in the amount of $284,079.84, including attorney fees.[3] Singh filed a timely notice of appeal.

## STATEMENT OF THE FACTS[4]

California Highway Patrol (CHP) Officer Jason Protzman responded to a call on February 22, 2018, of an injury collision at the intersection of Del Rey and North in Fresno County. Upon arrival, Officer Protzman observed two disabled vehicles with major collision damage. He was informed that an involved male was running from the scene. The male, later identified as Singh, was pursued on foot and returned to the scene of the accident.

Officer Protzman spoke with Singh, who said he was traveling southbound on Del Rey, stopped at a posted stop sign, and proceeded through the intersection when the collision occurred. Singh told Officer Protzman that, after the collision, an unknown

---

[3]    The trial court "reserved" the request for "wages and lost wages, both present and future," totaling $1,031,739.63. It also denied some attorney fees, consultations, and independent medical exams, stating all were "more prep" for a civil judgment.

[4]    The facts are taken from the preliminary hearing and stipulated to as providing the factual basis for the plea.

person assaulted him, causing him to flee the scene. Officer Protzman conducted a sobriety test on Singh, opined Singh was DUI, and placed him under arrest.

Later that day, Officer Protzman interviewed the other driver, Jessica R., who was in an area hospital and had noticeable severe injuries. Jessica R. reported driving eastbound on North Avenue when she felt a massive impact.

CHP Officer Brent Donley also responded to the accident scene and spoke to two witnesses, Jesus U. and Constancio F. Jesus U. told Officer Donley that he observed a white Chevrolet Tahoe traveling southbound on Del Rey fail to stop at the stop sign. The Tahoe collided with a Honda Civic travelling on North Avenue. Jesus U. believed the Tahoe was traveling approximately 50 miles per hour. Jesus U. observed Singh seated in the driver's seat of the Tahoe immediately after the collision and then saw him standing next to the Tahoe when Officer Donley arrived on the scene. Officer Donley observed the vehicle damage to be consistent with the collision as described by Jesus U.

Constancio F. gave a similar description of the collision circumstances, but believed the Tahoe was traveling between 40 and 50 miles per hour. He also identified Singh as the driver of the Tahoe.

Jessica R., the driver of the Honda Civic, underwent surgery to her pelvis and treatment for a brain injury and facial fractures. She was discharged from the hospital in a wheelchair after several weeks and was required to undergo physical and occupational therapy. She returned to work, but was terminated due to outbursts she attributed to the accident.

## DISCUSSION

We appointed counsel to represent Singh on appeal.

Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Singh was advised of his right to file a

4.

supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from Singh.

Having examined the record, we find no arguable error that would result in a disposition more favorable to Singh.

## DISPOSITION

The judgment is affirmed.